IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-120-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MISCELLANEOUS PERSONAL PROPERTY, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

The government seeks the forfeiture of miscellaneous items of personal property seized during the investigation and criminal prosecution of Saiku Barrie ("Barrie") [D.E. 1]. Barrie and others conspired to commit access device fraud. See id. On June 27, 2016, Barrie, appearing pro se, filed a motion opposing the forfeiture and seeking the return of certain property under Federal Rule of Criminal Procedure 41(g) [D.E. 7, 9]. On June 27, 2016, the clerk received Barrie's unsigned motion [D.E. 7], and filed it on July 11, 2016, after receiving a signed copy [D.E. 9]. On July 19, 2016, Barrie filed another motion opposing the forfeiture and seeking the return of certain property [D.E. 10]. On July 21, 2016, the government timely responded to Barrie's motions and moved to strike his pleadings [D.E. 12-14]. Barrie did not respond. As explained below, the court denies Barrie's motions and grants the government's motion.

Once the government has commenced a forfeiture proceeding, a claimant cannot use a motion for return of property under Federal Rule of Criminal Procedure 41(g) to challenge probable cause for seizure or any other aspect of the forfeiture case. See Supplemental Rule G(1) for Admiralty or Maritime Claims and Asset Forfeiture Actions. Rather, to contest the forfeiture, a claimant must file a proper and timely claim under Supplemental Rule G(5)(a)(i) for Admiralty or

Maritime Claims and Asset Forfeiture Actions. See, e.g., Ibarra v. United States, 120 F.3d 472, 475-76 (4th Cir. 1997). Furthermore, although Barrie contests the forfeiture of certain property, his pleadings do not state proper claims under Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter, the "Supplemental Rules") for at least three reasons. First, to comply with Supplemental Rule G, a claimant must "identify the specific property claimed." Supplemental Rule G(5)(a)(i)(A). Barrie's claims do not. Cf. [D.E. 7, 9, 10]. Accordingly, Barrie's claim fails to meet Supplemental Rule G's specificity requirement. Second, Barrie's claims do not "state. . . [his] interest in the property." Supplemental Rule G(5)(a)(i)(B). Third, Barrie's claims are not "signed by the claimant under penalty of perjury." Id. G(5)(a)(i)(C). Thus, Barrie's claims fail.

Alternatively, Barrie's claims are untimely. A person must file a claim "by the time stated in a direct notice sent under [Supplemental] Rule G(4)(b)." Rule G(5)(a)(ii)(A). In compliance with the Supplemental Rule, on March 24, 2016, the government mailed direct notice to Barrie at his place of incarceration, and he received it on May 5, 2016 [D.E. 11]. The notice required Barrie to file a claim within 35 days of the date the notice was mailed [D.E. 5]. Barrie's June 27, 2016 filing was untimely, and good cause does not exist to excuse the untimeliness. See Rule G(5)(a)(iii).

In sum, the motions for return of property [D.E. 7, 9, 10] are DENIED, and the government's motion to strike [D.E. 12] is GRANTED. The clerk shall close the case.

SO ORDERED. This **12** day of October 2016.

                                                JAMES C. DEVER III
                                              Chief United States District Judge